```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X
HELEN WARREN,                 :
                              :
     Petitioner,              :
                              :      04 Civ. 3631 (JFK)
     - against-               :      02 Cr. 104 (AGS)
                              :      OPINION AND ORDER
UNITED STATES OF AMERICA,     :
                              :
     Respondent.              :
- - - - - - - - - - - - - - -X
```

APPEARANCES:

    For Petitioner,

        HELEN WARREN, pro se
        34992-037
        FCI Danbury
        P.O. Box 2000
        Danbury, CT 06811-3099

    For the Respondent,

        DAVID N. KELLEY,
        United States Attorney
        for the Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel: AUSA Marcus A. Asner


**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

### PRELIMINARY STATEMENT

Before the Court is Petitioner Helen Warren's pro se application to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 and to reconsider her sentence pursuant to Federal Rules of Criminal Procedure 32 and 35. For the reasons stated herein, the motions are denied.

### BACKGROUND

A. Indictment and Plea

Helen Warren ("Warren") and five co-conspirators were charged in a two-count superseding indictment filed on February 7, 2002. Warren was charged in Count One with conspiracy to distribute in excess of one kilogram of heroin and five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846.[1] On July 1, 2002, Warren pleaded guilty before Magistrate Judge Gorenstein, pursuant to a written plea agreement. At this time, Warren was represented by her court-appointed attorney, Aubrey Lees, Esq.

In the Plea Agreement, the parties stipulated that: (i) Warren's base offense level was 36 pursuant to §2D1.1(c)(2) of the United States Sentencing Guidelines ("Guidelines" or

---

[1] Warren was under arrest at this time in Maryland, where she had been charged with conspiracy to distribute narcotics. She appeared in this district on February 22, 2002 pursuant to a writ of habeas corpus ad prosequendum.

2

"U.S.S.G.") because the offense involved the distribution of at least ten but less than thirty kilograms of heroin; (ii) Warren was eligible for relief from a statutory 10 year minimum sentence and a two-level reduction pursuant to the "safety-valve," 18 U.S.C. §3553(f); U.S.S.G. §§ 2D1.1(b)(6)[2] and 5C1.2; (iii) Warren received a two level reduction pursuant to U.S.S.G § 3E1.1(a) for acceptance of responsibility and a one level reduction pursuant to § 3E1.1(b) for entering her plea in a timely manner. Warren's resulting stipulated offense level was 31. The parties further stipulated that Warren had a Criminal History Category of I. The resulting Guidelines range was 108 to 135 months' imprisonment.

The Plea Agreement also contained a waiver of Warren's right to appeal or collaterally attack the sentence, provided that the sentence fell in the stipulated Guidelines range. The agreement provided:

> Neither a downward nor an upward departure is warranted from the stipulated Sentencing Guidelines range of 108 to 135 months. Neither party will seek a departure from nor seek any adjustment to the range. Neither party will suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court sua sponte consider such a departure or adjustment.
>
> . . . .
>
> The defendant will neither appeal, nor otherwise collaterally attack her sentence provided that the

---

[2] The parties refer to the former U.S.S.G. § 2D1.1(b)(6), which is now § 2D1.1(b)(7).

3

>    Court imposes a sentence within the stipulated to
>    Guidelines range.

(Warren Br. at 5).

During the plea proceeding, Magistrate Judge Gorenstein confirmed that Warren could speak, understand, and write English, that she had never been hospitalized for narcotics addiction, alcoholism, or mental illness, and that she was not presently under the influence of any drug. (Plea Tr. at 2-3).[3] Warren also confirmed that she had discussed her case with her attorney, Ms. Lees, and that she was satisfied with Ms. Lees's representation. (Id. at 4). Warren stated that she understood the penalties that she faced and the rights she would have had at trial. (Id. at 5-7). She also confirmed that she understood that she was giving up these rights by entering a guilty plea. (Id. at 7).

The Magistrate then addressed the Plea Agreement. Warren allocuted that she had not been induced to plead guilty by any promises as to her sentence. (Id. at 8). She expressed her understanding that Judge Schwartz would not be bound by the stipulated range when imposing sentence, and that she would be bound by her guilty plea no matter what sentence Judge Schwartz ultimately imposed. (Id. at 8-9). Magistrate Judge Gorenstein then specifically addressed Warren's understanding of the waiver under the Plea Agreement:

---

[3] "Plea Tr." refers to the transcript of the plea proceeding before Magistrate Judge Gorenstein on July 1, 2002.

THE COURT: Now, do you understand that under the
terms of this plea agreement, if the judge sentences
you to a prison term that is no longer than the maximum
of this range, that is, no longer than 135 months, you
are giving up your right to challenge that through an
appeal or through an attack on your conviction or any
other way.
     Do you understand that, Miss?

     THE DEFENDANT: Yes.

(Id. at 9-10).

After the Government recited the elements it would have had to prove for conviction, Warren admitted the charged conduct. (Id. at 11-13). She admitted to participating with others in the transportation of more than one kilogram of heroin and more than five kilograms of cocaine. (Id. at 12). This conduct subjected Warren to a potential sentence of lifetime imprisonment and a statutory minimum of 10 years. See 21 U.S.C. § 841(b)(1)(A)(i), (ii). Magistrate Judge Gorenstein concluded that Warren understood the nature of the charge and the consequences of her plea and that the plea was voluntary and supported by a factual basis. (Id. at 13-14). The Magistrate recommended that the District Court accept Warren's plea of guilty. (Id. at 14).

The Probation Office prepared a Presentence Report ("PSR") that described Warren's role as a courier responsible for the distribution of between 10 and 30 kilograms of heroin. Consistent with the Plea Agreement, the PSR calculated Warren's offense level at 31, Criminal History Category I, and recommended

a sentence of 108 months in prison, to be followed by five years of supervised release, and a special assessment of $100.

B.  Sentencing

Judge Schwartz sentenced Warren on October 1, 2002. At sentencing, Ms. Lees spoke of Warren's background and requested that Warren be sentenced to the minimum Guidelines sentence, 108 months. (Sent. Tr. at 4-7).[4] Judge Schwartz set Warren's base offense level at 36 because she distributed or participated in a conspiracy to distribute between 10 and 30 kilograms of heroin. Judge Schwartz then granted a two level "safety valve" reduction pursuant to §5C1.2 and a three level reduction for acceptance of responsibility, resulting in a net offense level of 31. (Id. at 9). Judge Schwartz noted that Warren did not object to the calculation of the applicable Guideline range in the PSR. (Id.). Judge Schwartz also described Warren's role as courier in the conspiracy and stated that, although Warren was responsible for the distribution of 70 kilograms of cocaine and 15 kilograms of heroin, the sentence was predicated on the distribution of between 10 and 30 kilograms of heroin. (Id. at 10).

Judge Schwartz then went into detail about Warren's "tragic" life story. (Id. at 9-10). He also stated his view that

---

[4] "Sent. Tr." refers to the transcript of the sentencing hearing before Judge Schwartz on October 1, 2002.

6

the guidelines were excessive as applied in this case. (<u>Id.</u> at 11). Nevertheless, Judge Schwartz noted that the Guidelines bound him and that he would "certainly accept the recommendation made by Ms. Lees that Ms. Warren be sentenced to the bottom of the guidelines, the lowest sentence I could give her. . . . the sentence set forth in the presentence report." (<u>Id.</u> at 11). The Judge then imposed a sentence of 108 months, followed by five years of supervised release and a $100 special assessment. He stated that this sentence was "imposed in recognition of the seriousness of the crime, to deter the defendant and others, and to protect the public." (<u>Id.</u> at 12). Judge Schwartz then indicated his understanding that Warren "would have no right to appeal because the sentence is within the guideline imprisonment sentence range." (<u>Id.</u>).[5]

C. <u>Warren's Withdrawn Appeal and her § 2255 Motion</u>

On October 17, 2002, Warren filed a notice of appeal. On December 6, 2002, Ms. Lees moved to be relieved as Warren's attorney and for the appointment of new counsel. On December 11, 2002, the Court of Appeals granted the motion. The Court thereafter appointed Donna Newman, Esq. as Warren's counsel pursuant to the Criminal Justice Act. On April 28, 2003, Ms.

---

[5] The transcript from the Sentencing hearing reads, "within the guideline imprisonment range sentence range." The extra word "range" apparently is a mistake by the transcriber, and the Court corrects it as above.

Newman filed Warren's appellate brief. On October 15, 2003, Warren filed a motion to withdraw her appeal, which the Court of Appeals granted on October 21, 2003.

On April 29, 2004, Warren moved this Court for relief under 28 U.S.C. § 2255. In support of her § 2255 motion, Warren submits what appears to be the brief originally prepared for her withdrawn appeal. She asserts that her sentence was unlawful and that enforcement of her waiver of appeal and collateral attack rights would result in a "miscarriage of justice." (Warren Br. 11-12). Warren specifically alleges that Judge Schwartz (i) erred by "rely[ing] exclusively on the stipulations contained in the Plea Agreement" to determine the quantity of drugs; (ii) calculated the relevant drug quantity without a jury finding beyond reasonable doubt; (iii) failed to consider whether she merited a departure as a minor participant in the conspiracy; and (iv) misapprehended or ignored his authority to depart downward from the Guideline sentence range. Warren also contends that her counsel, Ms. Lees, was ineffective for failing to object to these errors at the sentencing hearing. (Warren Br. 13-22).

Warren also submits a reply letter in which she asserts that her sentence is illegal under United States v. Booker, 125 S. Ct. 738 (2005), decided over two years after Judge Schwartz sentenced her. Apparently realizing that Booker claims may not be raised on collateral attack against convictions that were

8

final as of the date Booker was issued, see United States v. Guzman, 404 F.3d 139, 141 (2d Cir. 2005), Warren contends that her Booker claim should not be barred from § 2255 review because she would have raised the claim on direct appeal, and ineffective assistance of counsel led her to withdraw that appeal. (Warren Reply Letter at 2-3).

The Government opposes the motion on two grounds. The Government contends that Warren's § 2255 petition raises the same arguments as her withdrawn appeal. By withdrawing the appeal, Warren waived these arguments. (Ltr. from AUSA Asner to Court (Mar. 16, 2005)). Alternatively, the Government argues that the petition fails on the merits because her waiver of appellate rights was enforceable, the sentencing court correctly determined her offense level and her counsel was not ineffective. (Id., Exh. A at 47-84).

D.  Warren's Motion for Reconsideration

On May 3, 2004, Warren filed a second motion. This motion seeks reconsideration of her sentence pursuant to Fed. R. Crim. P. 32, 35 or any other applicable Federal Rule. She seeks retroactive application of Amendment 640 to the Sentencing Guidelines, which modifies U.S.S.G. § 2D1.1(a)(3) by providing that defendants who receive mitigating role adjustments in drug trafficking cases be limited to a base level offense of 30. This amendment became effective on November 1, 2002. The Government

9

opposes this motion on untimeliness and retroactivity grounds. The Government also argues that § 2D1.1(a)(3) is inapplicable to Warren because it applies only to defendants who receive an adjustment for a mitigating role pursuant to § 3B1.2.

## **DISCUSSION**

Warren brings her motions pro se. The Court reads pro se submissions more broadly and judges them more leniently than submissions from attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, Warren's motions must be denied.

A. <u>The 28 U.S.C. § 2255 Petition</u>

A defendant seeking collateral review under Section 2255 must establish a "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks and citations omitted); see 28 U.S.C. § 2255. Prior to reaching the merits of Warren's claims, the Court must consider the Government's argument that her failure to bring these claims on direct appeal constitutes a procedural default. "[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992).

The "cause and prejudice" test requires that the defendant "show[] cause for failing to raise his claim at the appropriate time and prejudice from the alleged error." Id. at 189. Cause must be "something external to the [defendant], something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). The prejudice prong requires the defendant to show that the errors not only "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982).

Warren raises claims here that were available to her on direct appeal. In fact, she appears to have submitted the brief from her withdrawn appeal as the supporting papers for her Section 2255 motion. Unless Warren can establish cause for this default, and actual prejudice resulting therefrom, the Court must dismiss the petition. Her argument is that "ineffective counseling" was the cause of the default. (Warren Reply Ltr. at 2). Essentially, she contends that Ms. Newman improperly counseled her to withdraw her pending appeal.

The Court rejects this argument. In order to establish an ineffective assistance of counsel argument under the Sixth Amendment, the defendant must establish that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that,

11

but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In determining whether the representation fell below the objective standard, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

Warren cannot meet the first prong of the Strickland test. Counsel's advice to withdraw the appeal was eminently reasonable given the waiver in Warren's plea agreement and the law of this circuit. "In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997). The record clearly establishes that Warren understood the implications of her guilty plea and the waiver. (See Plea Tr. at 7, 9-10). An appeal would not have succeeded under these circumstances, and Warren's counsel was not ineffective in advising that it be withdrawn. Warren suggests that the waiver is unenforceable because of "numerous sentencing errors" resulting in an "abdication of judicial responsibility," (Warren Br. at 11-12). The Court finds no error in the sentencing. In any event, waivers will be upheld "where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range

contemplated in the plea agreement." <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 319 (2d Cir. 2000).  Because Warren cannot show that Ms. Newman's performance fell below an objective standard of reasonableness, per <u>Strickland</u>, she has no cause to excuse her failure to raise her claims on appeal.

Accordingly, Warren's Section 2255 claims are procedurally barred, save one.  Warren makes a separate ineffectiveness argument that challenges the performance of her attorney at the sentencing hearing.  In <u>Massaro v. United States</u>, 538 U.S. 500 (2003), the Supreme Court held that all ineffective assistance of counsel claims may be raised in a Section 2255 petition, regardless of whether these claims had been raised on direct appeal.  <u>Id.</u> at 504.  Unlike her other claims, Warren's ineffective assistance claim is not procedurally barred.

The obstacle here is the waiver.  In her plea agreement, Warren waived the right to bring a Section 2255 petition as long as Judge Schwartz sentenced her within the stipulated Guidelines range.  This he did.  As stated on page 12, <u>supra</u>, knowing and voluntary appeal waivers are generally enforceable.  Similarly, "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement." <u>Frederick v. Warden, Lewisburg Corr. Fac.</u>, 308 F.3d 192, 195 (2d Cir. 2002).  The inquiry does not end there, however.  "[A] waiver of appellate or collateral attack rights does not foreclose an

13

attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick, 308 F.3d at 195. In other words, the Court may only consider Warren's ineffective assistance of counsel claim if the ineffectiveness tainted the plea proceeding or the waiver itself.

Instead, Warren focuses her ineffective assistance of counsel argument on Ms. Lees' performance at the sentencing hearing. The Court of Appeals rejected the same argument in United States v. Djelevic, 161 F.3d 104 (2d Cir. 1998). In that case, the defendant waived his right to appeal a sentence within a stipulated Guidelines range. The district judge sentenced him within the range, but he challenged his sentence on the grounds that his attorney rendered ineffective assistance of counsel at the sentencing. Id. at 105-06. The Court of Appeals rejected the challenge: "[Defendant] claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea but at sentencing. We emphatically reject this contention." Id. at 107. The Court continued: "If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless. This we decline to do." Id.

The reasoning of the Court of Appeals in Djelevic compels the same resolution in this case. Warren may not attempt

14

to call her plea agreement into question by asserting ineffective assistance of counsel at the sentencing hearing. She bargained for the 108-135 month Guidelines range, and Judge Schwartz sentenced her at the bottom of that range. The waiver remains effective and, despite <u>Massaro</u>, the Court cannot address her ineffectiveness claim.

<u>United States v. Booker</u>, 125 S. Ct. 738 (2005), does not change this result. "<u>Booker</u> is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> was issued." <u>United States v. Guzman</u>, 404 F.3d 139, 141 (2d Cir. 2005). Warren's conviction became final no later than October 21, 2003, the date the Court of Appeals filed its Order granting Warren's motion for withdrawal of her appeal. (<u>See</u> Gov't Br., Exh. B).

For the foregoing reasons, Warren's Section 2255 petition must be dismissed.

B. <u>Warren's Motion for Reconsideration</u>

Warren moves for reconsideration of her sentence pursuant to Rules 32, 35 and any other applicable Federal Rules of Criminal Procedure. Mindful of Warren's <u>pro</u> <u>se</u> status, the Court will look to any rule or statute by which Warren would be entitled to reconsideration. Rule 32, which governs sentencing and judgment, is inapplicable. As for Rule 35, the Court applies

15

the version of the rule in effect at the time of Warren's offense. See United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004). The pre-2002 Rule 35(a) is inapplicable because it governs remands after appeals under 18 U.S.C. § 3742. The former Rule 35(b), like the current version, applies only to motions brought by the Government. The former Rule 35(c), now Rule 35(a), stated that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Warren cannot rely upon this provision because her motion clearly is untimely. The only other Rule that addresses the correction of a judgment is Rule 36, but that rule pertains only to clerical mistakes.

Warren also seeks retroactive application of Amendment 640 to U.S.S.G. § 2D1.1(a)(3), which provides a base offense level of 30 for defendants who receive mitigating role adjustments in drug trafficking cases. This amendment became effective on November 1, 2002. This Court may "reduce the term of imprisonment" upon motion of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the Guidelines states that an amendment cannot be applied retroactively unless it is listed in

16

U.S.S.G. § 1B1.10(c). See United States v. Perez, 129 F.3d 255, 258-59 (2d Cir. 1997). Because Amendment 640 is not listed in § 1B1.10(c), it cannot be applied retroactively. Furthermore, Warren did not receive a mitigating role adjustment, as required by § 2D1.1(a)(3), so she is not entitled to application of the amendment under any circumstances. Thus, the Court lacks authority under any rule or statute to reconsider Warren's sentence. The motion for reconsideration is denied.

## CONCLUSION

Warren's Section 2255 petition is dismissed, and her motion for reconsideration is denied. This case is closed, and the Clerk is directed to remove it from the active docket.

**SO ORDERED.**

Dated: New York, New York
July 13, 2005

_____
JOHN F. KEENAN
United States District Judge